UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

NARRAGANSETT INDIAN TRIBE, by
and through JOHN B. BROWN, III,
and the NARRAGANSETT INDIAN
TRIBAL HISTORIC PRESERVATION
OFFICE,
    Plaintiff,

v.

U.S. BANK TRUST, N.A., as Trustee
for LSF9 MASTER PARTICIPATION
TRUST,
    Defendant.

C.A. No. 19-138-JJM-PAS

## ORDER

The Narragansett Indian Tribe, by and through John B. Brown, III, and the Narragansett Indian Tribal Historic Preservation Office (collectively "the Tribe") sued U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust ("U.S. Bank"). U.S. Bank now moves to dismiss and for judgment on the pleadings.

This story began when Linda A. Matteson bought a house in Hopkinton, Rhode Island in 2006. She gave a mortgage to Ohio Savings Bank.[1] In 2009, she signed a quit claim deed conveying the property to the Tribe as a gift. Ms. Matteson remained liable on the mortgage to U.S. Bank. In 2017, because of lack of payment, U.S. Bank held a foreclosure sale and purchased the property as a credit bid.

---

[1] Ohio Savings Bank, through the Mortgage Electronic Registration Systems, Inc., assigned the mortgage to U.S. Bank.

To avoid an eviction action, the Tribe filed this three-count complaint against U.S. Bank for declaratory judgment involving the validity of the foreclosure and an injunction against future foreclosures. The Tribe's position is that the foreclosure violates the federal prohibition on alienation of property held by a federally recognized tribe. The Tribe also complains that U.S. Bank did not follow certain state statutory requirements in the foreclosure. U.S. Bank argues that the case should be dismissed because the Tribe lacks standing, the foreclosure was lawful, and the procedures were appropriate.

The Tribe is not a party to the mortgage in this case and a person or entity that is not a party to the mortgage cannot challenge the mortgage. The quit claim deed[2] from Ms. Matteson does not change this. *DeWayne v. Wachovia Mortg., FSB*, C.A. No. 16-092S, 2016 WL 8461182, at *2 (D.R.I. Dec. 29, 2016), *report and recommendation adopted*, C.A. No. 16-092S, 2017 WL 933060 (D.R.I. Mar. 8, 2017); *see also Karim v. Bank of Am.*, No. CA 10-519S, 2011 WL 4457212, at *11 (D.R.I. May 6, 2011) (an individual who has not signed the note secured by the mortgage does not have "a personal stake in the mortgage note so as to invoke the jurisdiction of this Court on her own behalf," as opposed to the actual mortgagor). The Court therefore finds that the Tribe lacks standing to challenge the mortgage foreclosure in

---

[2] Moreover, the quit claim deed does not affect U.S Bank's statutory and contractual right to exercise its right to foreclose on the mortgage because of lack of payment. Under Rhode Island law, when Ms. Matteson gave a mortgage to U.S. Bank, she both placed a lien on her property and conveyed legal title to the property to the Bank. *140 Reservoir Ave. Assocs. v. Sepe Invs., LLC*, 941 A.2d 805, 811 (R.I. 2007).

this case. Because of this procedural conclusion, the Court declines to address the Tribe's substantive challenges to the foreclosure process.

The Court GRANTS Defendant U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust's Motion for Judgment on the Pleadings. ECF No. 9.

IT IS SO ORDERED,

John J. McConnell, Jr.
United States District Judge

July 31, 2019